UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY FERNANDO MEMBRENO   CIVIL ACTION NO. _____
MEJIA and MIGUEL OMAR RODRIGUEZ
GERESANO

VERSUS

EUROPEAN MARBLE & GRANITE, LLC,
JOSHUA CROOK, and KATHLEEN FUHRIMAN

# COMPLAINT

Plaintiffs Henry Fernando Membreno Mejia and Miguel Omar Rodriguez Geresano, residents of the age of majority residing in the Parish of East Baton Rouge, State of Louisiana, file this Complaint against European Marble & Granite, LLC ("European Marble"), Joshua Crook, and Kathleen Fuhriman, stating the following:

*Jurisdiction and Venue*

1.

This is a Fair Labor Standards Act ("FLSA") lawsuit brought by the plaintiffs pursuant to 29 U.S.C. §201 *et seq.* in connection with defendants' failure to pay them overtime for hours they worked in excess of 40 hours per week.

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2). The great majority of the events giving rise to this cause of action occurred within this district, including East Baton Rouge Parish.

*Defendants*

4.

Made defendants herein are:

(a) European Marble & Granite, LLC, a foreign limited liability company organized under the laws of the State of Utah, authorized to do and doing business in Louisiana, with its principal place of business in East Baton Rouge Parish, Louisiana;

(b) Joshua Crook, a natural person of the age of majority, and member of European Marble & Granite, LLC. Upon information and belief, defendant Crook is domiciled in Salt Lake City, Utah; and

(c) Kathleen Fuhriman, a natural person of the age of majority, and member of European Marble & Granite, LLC. Upon information and belief, defendant Fuhriman is domiciled in Salt Lake City, Utah.

5.

European Marble is a construction company providing marble and granite services to its customers. The plaintiffs worked as marble and granite installers for European Marble; their work consisted mainly of manual labor.

6.

Defendants are the plaintiffs' "employers" as that term is defined by the FLSA at 29 U.S.C. §203(d). Defendants suffered or permitted the plaintiffs to work on their crews performing marble and granite installation work. They controlled the method, manner, location, and time of plaintiffs' work, and they set the hours that the plaintiffs were required to work.

7.

Defendant European Marble is an "enterprise" engaged in interstate commerce as defined by the FLSA, 29 U.S.C. §§203(b) and (s)(1)(A), as European Marble is a contractor that engages in construction work and utilizes in that work "goods or materials that have been moved in or produced for commerce." *Brock v. Hamad*, 867 F.2d 804, 807 (4th Cir. 1989).

8.

Defendant Joshua Crook is a member of European Marble & Granite, LLC. Upon information and belief, defendant Crook was responsible for the practice of depriving the plaintiffs and other employees of overtime pay for hours worked in excess of 40 hours per week. He is therefore personally liable to the plaintiffs for the damages sought in this lawsuit. Defendant Kathleen Fuhriman is a member of European Marble & Granite, LLC. Upon information and belief, defendant Fuhriman was responsible for the practice of depriving the plaintiffs and other employees of overtime pay for hours worked in excess of 40 hours per week. She is therefore personally liable to the plaintiffs for the damages sought in this lawsuit.

*Defendants' FLSA Violations*

9.

Plaintiffs began working for European Marble on January 4, 2019. They both stopped working for European Marble on May 4, 2019.

10.

The plaintiffs routinely worked in excess of 40 hours per week, but they were not paid overtime as required by the Fair Labor Standards Act. Instead, they were paid a fixed hourly rate, regardless of the number of hours they worked that week.

11.

The plaintiffs had a fairly regular work schedule. On Monday through Friday, they began work at 7:00 am and worked until 6:00 pm. On Saturdays, they began work at 1:00 pm and worked until 12:00 am. Approximately two months ago, their work schedule changed to Monday through Friday from 1:00 pm to 12:00 am, and Saturdays from 7:00 am to 12:00 pm. Plaintiffs were given a one hour lunch break every day. The plaintiffs estimate they worked, on average, at least 55 hours per week.

12.

Plaintiffs are the non-exempt employees of the defendants under the FLSA. Defendants, Crook and Fuhriman, were responsible for the company's decision not to pay overtime to the plaintiffs. They are also the "employers" of the plaintiffs, as that term is defined by the FLSA.

13.

Under the Fair Labor Standards Act, plaintiffs are entitled to payment of additional wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week throughout the duration of their employment.

14.

The defendants knowingly and willfully violated the FLSA. Plaintiffs are therefore also entitled to recover from defendants an equal sum as liquidated damages, together with reasonable attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

15.

**WHEREFORE,** plaintiffs pray that after all legal delays and proceedings, there be a judgment rendered in favor of the plaintiffs and against the defendants, European Marble &

Granite, LLC, Joshua Crook, and Kathleen Fuhriman, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
Vivian Jeansonne (La. Bar Roll No. 37177)
850 North Boulevard
Baton Rouge, LA 70802
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for the Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system

*/s/ Daniel B. Davis*
Daniel B. Davis